IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAMADOU THIAM, | CASE NO. 1:26-cv-0610 |
| Petitioner, | DISTRICT JUDGE SOLOMON OLIVER, JR. |
| vs. | |
| SCOTT A. HILDEBRAND, *et al.*, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Respondents.[1] | **REPORT AND RECOMMENDATION** |

Petitioner Mamadou Thiam has filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Doc. 1. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Thiam's petition.

---

[1]     To the extent that Thiam is attempting to challenge his immigration detention, the proper respondent in an immigration habeas for a noncitizen detained in this District is the Field Director of the Detroit Field Office for U.S. Immigration and Customs Enforcement. *Mendoza v. Raycraft*, No. 4:25-cv-2183, 2025 WL 3157796, at *8 (N.D. Ohio Nov. 12, 2025). To the extent that he seeks to challenge decisions reached in his removal proceedings, the proper respondent is the Attorney General. 8 U.S.C. § 1252(b)(3)(A). As is discussed, however, this Court lacks jurisdiction to review these latter sorts of challenges. The Court should dismiss Scott Hildebrand and the Secretary of the Department of Homeland Security from this action. *See Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003).

**Background**

*Factual background and Immigration Court proceedings*

Thiam, who is represented by counsel, does not give the Court much to work with. The Court thus relies on documents presented by Respondents in their return.

Thiam is a native and citizen of Senegal. Doc. 6-1, at 2.[2] Immigration authorities initially encountered him in late October 2023, within days after he crossed the United States border without being inspected. *Id*. at 3. At that time, authorities issued Thiam a Notice to Appear, placing him in removal proceedings on a charge that he was an alien present without being admitted or paroled. *See* Doc. 6-2; *see also* 8 U.S.C. § 1182(a)(6)(A)(i). The Notice to Appear directed Thiam to appear before an immigration judge for a hearing in Cleveland on July 24, 2025. Doc. 6-2, at 1.

In July 2025, immigration authorities issued Thiam a Notice and Order of Expedited Removal, alleging that he was subject to removal under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who was not in possession of a valid travel document when he applied for admission. Doc. 6-3; *see* 8 U.S.C. § 1225(b)(1). At the same time, the Government moved to dismiss Thiam's removal

---

[2]    The Court cites the CM/ECF-generated page numbers at the top of the parties' filings. Document 6-1 is a Form I-213, which courts regard as "reliable," absent evidence that might undermine the information contained in it. *See Pagoada-Galeas v. Lynch*, 659 F. App'x 849, 856 (6th Cir. 2016).

proceedings in light of his placement in expedited removal proceedings. Doc. 6-4.

After an immigration judge granted the motion, Thiam received a credible-fear interview with an asylum officer, who determined that Thiam did not have a credible fear of persecution in his native country. Docs. 6-5, 6-7, 6-8; *see* 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 208.30(b), (d). In September 2025, the immigration judge determined that Thiam had shown "a reasonable possibility of persecution" and vacated the asylum officer's determination. Doc. 6-8; *see* 8 C.F.R. §1208.30(g) (providing for review by an immigration judge of "negative fear determinations"). Immigration authorities thus issued Thiam a new Notice to Appear, in which the Government alleged that he was removable under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). Doc. 6-9; *see* 8 C.F.R. § 1208.30(g)(2)(iv)(B).

Following Thiam's concession of removability, the immigration judge found him removable. Docs. 6-10, 6-11. In January 2026, the immigration judge granted the Government's motion—based on an Asylum Cooperation Agreement (the Agreement) established between the United States and Uganda—to "pretermit" Thiam's asylum application.[3] *See* Docs. 6-15, 6-17. On February 11, 2026, the immigration judge also ordered Thiam removed to

---

[3]     *Pretermit* means to ignore. *Pretermit*, Black's Law Dictionary (12th ed. 2024). In immigration proceedings, adjudicators seem to use it when a noncitizen "is found ineligible to apply for some form of relief." *Gonzalez-Balderas v. Holder*, 597 F.3d 869, 870 (7th Cir. 2010). Effectively, *to pretermit* means *to deny*.

Uganda. Doc. 6-18. On March 11, 2026, Thiam filed a notice of appeal with the Board of Immigration Appeals. Doc. 6-19.

*Thiam's habeas petition*

In his petition, Thiam briefly presents three arguments. First, he says that he is subject to "indefinite incarceration" in violation of the Due Process Clause. Doc. 1, at 15. Second, he challenges the immigration judge's decision to pretermit his asylum application based on the Agreement. *Id.* at 15–17. Finally, Thiam says that the Agreement violates the Equal Protection Clause. *Id.* at 17–19.

**Legal Standard**

Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to any person who demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). An alien may challenge the lawfulness of immigration detention through a writ of habeas corpus. *See INS v. St. Cyr*, 533 U.S. 289, 301 (2001) (observing that "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The Court lacks jurisdiction in habeas over challenges to the legality of a removal order. *See Hamama v. Adducci*, 912 F.3d 869, 876 (6th Cir. 2018). It has jurisdiction, however, to consider whether a noncitizen is lawfully detained. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117

4

(2020) (describing habeas corpus as the "'appropriate remedy to'" determine the legality of a person's custody) (quoting 3 Commentaries on the Constitution of the United States § 1333, p. 206 (1833)).

**Discussion**

1.  *The Court has lacks jurisdiction to review Thiam's second and third issues related to the immigration judge's decision.*

For reasons that he does quite explain, Thiam argues that the immigration judge's decision to deny Thiam's asylum application based on the Agreement is improper. Doc. 1, at 15–17. He also argues that the Agreement violates the Equal Protection Clause. *Id*. at 17–19.

These challenges run headlong into 8 U.S.C. § 1252(a)(5) and (g). Paragraph (5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Subsection (g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Given these provisions, the Sixth Circuit has made plain that a district court reviewing a habeas petition lacks jurisdiction to review the sorts of "removal-based claims" that Thiam raises. *See Hamama*, 912 F.3d at 874–77; *Elgharib v. Napolitano*, 600 F.3d 597, 605 (6th Cir. 2010) ("we conclude that § 1252(a)(5) & (g) both preclude district-court jurisdiction over constitutional challenges to final orders of removal"). Rather than presenting his claims in a habeas petition, a non-citizen in Thiam's shoes must follow the petition-for-review procedure in 8 U.S.C. § 1252(a). *See Nken v. Holder*, 556 U.S. 418, 424 (2009) (stating the 1996 immigration amendments "substantially limited the availability of judicial review and streamlined all challenges to a removal order into a single proceeding: the petition for review"); *Elgharib*, 600 F.3d at 607 ("Congress has repeatedly sought to restrict an alien's ability to obtain judicial review of a final order of removal to the prescribed procedures in 8 U.S.C. § 1252, and we are not at liberty to craft exceptions that would be directly contrary to the plain statutory language of those jurisdictional-bar provisions.").

The Court should dismiss Thiam's petition to the extent he seeks to challenge matter related to his removal proceedings.

2.      *The Court should reject Thiam's custody challenge.*

In his first issue, Thiam presents this circular argument heading: "continued custody of the Petitioner is a ruse to allow further custody of the Petitioner with the United States." Doc. 1, at 15. From there he presents a five-sentence argument:

> Petitioner has been in ICE custody for nearly six months. He is facing indefinite incarceration and as such, his due process rights are being violated and thus he may file for a writ of habeas corpus . *Zadsvydas v. Davis* 533 U.S. 678 (2001) and *A,A,R,P, v. Trump*, 145 S. Ct. 1364, 1367 (2025).
>
> Petitioner has been ordered removed to Uganda, country to which he has no connection, has never been to and in which he know no one. Even so he remains in custody in Geauga County, There is no indication of when or how the Petitioner will be transported to Uganda. The pretermit is thus simply a ruse to continue incarceration. [4]

*Id.*

At the outset, Thiam doesn't point to any evidence that he actually is detained. But because Respondents concede the fact of Thiam's detention, Doc. 6, at 2, I will assume that he is detained. But that assumption does not get Thiam very far.

---

[4]      This passage is reproduced as written.

Relevant to this petition, the authority to detain non-citizens in removal proceedings can conceptually be divided between those non-citizens who do not yet have a final order of removal and those who do. An immigration judge's order of removal becomes final when upheld by the Board or on the expiration of the 30-day appeal window. *See* 8 U.S.C. § 1101(a)(47)(B). The upshot of this is that the authority to detain a non-citizen while his case is before an immigration judge does not change based on the fact that he has appealed to the Board. It only changes once the Board rules.

Depending on the non-citizen's circumstance, detention before the issuance of a final order of removal is governed either by 8 U.S.C. § 1225 or 8 U.S.C. § 1236. Detention after the entry of a final order of removal is governed by 8 U.S.C. § 1231(a)(3) and (6). Section 1231(a) defines the term *removal period* as the 90-day period following "when an alien is ordered removed," during which immigration authorities "shall remove the alien from the United States." 8 U.S.C. § 1231(a)(1)(A). Putting inapplicable circumstances aside, this period begins when "the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Immigration authorities "shall detain the alien" during this 90-day period. 8 U.S.C. § 1231(a)(2)(A).

As anyone reading this report and recommendation knows, there is currently a wide-ranging debate about whether the detention authority in 8 U.S.C. §§ 1225 or 1226 applies for non-citizens, like Thiam, who do not yet have

a final order of removal. The Court need not say anything about this issue, however, because Thiam does not ask the Court to wade into this thicket.[5]

Thiam instead seemingly asks the Court to apply concepts that don't apply to his situation. In this regard, in *Zadvydas v. Davis*, the Supreme Court rejected the argument that under Section 1231(a) the Government could detain a non-citizen indefinitely after his removal period. 533 U.S. 678, 689–90 (2001). It added that whether detention after the removal period is reasonable depends on whether an alien's removal is "reasonably foreseeable." *Id.* at 699–700. After remarking that it "believe[d] … that Congress [had] previously doubted the constitutionality of *detention* for more than six months," the Court provided a rule:

> After this 6–month period, once the alien provides *good reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been

---

[5] To be clear, Thiam has *not* argued that he is being detained without bond. Particularly because he is represented by counsel and has presented no basis to conclude that he has asked to be released, I'm not inclined "to search the record and construct arguments" for Thiam about whether he should be released on bond. *United States v. Robinson*, 99 F.4th 344, 356 n.3 (6th Cir. 2024) (quoting *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017)); *see Clark v. Sweeney*, 607 U.S. 7, 9 (2025).

> determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701 (emphasis added).

In other words post-final-removal-order detention is presumptively reasonable for six months. *After* that six-month period of detention, a burden-shifting framework applies in which the initial onus is on the detained alien to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the alien makes that showing, the Government must respond with "evidence sufficient to rebut that showing." *Id.*

So, when Thiam remarks that (1) he "has been in ICE custody for nearly six months"—taking the parties at their word, it has actually been eight months—(2) "[h]e is facing indefinite incarceration," and (3) "[t]here is no indication of when or how [he] will be transported to Uganda," Doc. 1, at 15, he's talking about the *Zadvydas* framework. Indeed, he cites *Zadvydas*. *Id.*

As the Supreme Court has explained, however, *Zadvydas* does not apply before entry of a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 527–28 (2003); *see also Zadvydas* 533 U.S. at 682 ("we must decide whether this post-removal-period statute authorizes the Attorney General to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal. We deal here with aliens who were admitted to the United States but subsequently ordered removed. Aliens who have not yet gained initial admission to this country would present a very different question."). And the Sixth Circuit has similarly confirmed

10

*Zadvydas*'s inapplicability in this circumstance. *See Hamama*, 946 F.3d at 879–80. Thiam's implicit argument that the Court should apply *Zadvydas* therefore fails.

Moreover, even taking Thiam's argument on its terms, it cannot succeed. *Zadvydas*'s framework puts the initial burden on the non-citizen to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Thiam, however, ignores this burden and baldly claims that there is no indication when he'll be removed. But Thiam has the burden backwards. The alleged absence of an indication of when he will be removed is not a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Rather, because Thiam has not shown that he won't be removed if the Board denies his appeal, he has failed to carry his burden.

Finally, Thiam says that he has no connection to Uganda. Doc. 1, at 15. But he doesn't explain what his lack of any connection to Uganda has to do with whether his detention violates the Constitution. Thiam has thus forfeited any argument he is making as to this point. *See Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022).

11

**Conclusion**

The Court should dismiss Thiam's petition.

Dated: March 30, 2026

*/s/James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).